COWART, Judge.
The AIA style construction contract between appellee, as roofing contractor, and appellant, as owner, provided that the contract sum would be paid by progress payments upon application by the contractor and certification by the architect “less such amount as the Architect shall determine equitable for all incomplete and unsatisfactory work and unsettled claims.”
The contractor’s first application for progress payment claimed that the contractor had completed 64.723% of the contract work. Under the facts and circumstances of this case, this would indicate that of the then current approved total contract amount of $181,093, the contractor had “earned” a sum equal to $117,209.65. Deducting a stipulated 10% retainage ($11,-720.95) from the earned sum indicates that, in the absence of other controlling factors, the contractor was entitled to a progress payment of $105,488.70, with the balance of the contract price, being $75,604.30, representing unearned contract work plus re-tainage.
The trouble is that, after making certain changes to the contractor’s sworn request for payment and certifying that the contractor had performed that portion of the contract work claimed by the contractor, the architect, in a cover letter to the owner, stated his opinion that “all the deficiencies in the roof system” could not be corrected “for the unpaid balance” of the contract amount (being $75,604.30) and stated that he felt that (1) “a portion of this payment due should be retained to correct the deficiencies” and (2) “that a sum of some $125-150,000 should be retained to complete the work.” [Emphasis added.]
The owner made no progress payment. The contractor filed an action for the progress payment and made a motion for summary judgment. The contractor deducts the earned amount of $117,209.65 (without adjustment for the stipulated 10% retainage) from the current contract amount of $181,093, leaving an unearned contract amount of $63,883.35, which is then deducted from the architect’s higher estimate of $150,000 (described by the contractor as “cost of repairs”) to get a balance of $86,116.65, which balance is then deducted from the “earned” contract amount of $117,209.65 (without reduction for retainage) to arrive at a figure of $31,-094 which the contractor argues is due as a first progress payment as an absolute minimum. The trial court entered a partial final summary judgment for the contractor for $31,094 plus prejudgment interest. The owner appeals. We reverse.
*1354 It is certainly not clear that the architect’s term “all of the deficiencies in the roof system” and the contractor’s reference to “costs of repairs”, refer only to the contract work remaining to be completed by the contractor. Was the work required under the contract (contract work) supposed to correct “all the deficiencies in the roof system”? By “all the deficiencies in the roof system,” was the architect referring to “deficiencies” in the old roof system which was being repaired by the contract work, or was he referring to “deficiencies” in the work the contractor had performed under the contract? Was the $125-150,000 retainage recommended by the architect (apparently in addition to the 10% stipulated retainage) estimated to be the amount needed to correct (or repair) “deficiencies” or to complete the contract work? If the contractor had earned $117,209.65 or 64.723% of the current contract price of $181,093 because 64.723% of the contract work had been performed, why did the architect feel it might cost $150,000 or 82.83% of the $181,093 contract amount to complete the remaining 35.277% of the contract work? Does all of this mean that, in addition to the cost of completing the contract work ($63,883.35 unadjusted for re-tainage) the work completed by the contractor was so defective as to possibly cost $150,000 to “repair”? Or does all this indicate that the contractor may have underbid the job and that the cost of the contract work may far exceed the contract price?
The architect’s letter is too ambiguous to be the basis for a final summary judgment against the owner even as to the amount due for one progress payment. The questions posed above, and other questions material to the issues, need to be resolved at the jury trial scheduled for resolution of all disputes between the parties.
The partial final summary judgment is
REVERSED.
SHARP, C.J., and COBB, J., concur.